**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **SIKA CORPORATION and SIKA TECHNOLOGY LTD.** | **Case No. 1:23-cv-01464** |
| **Plaintiffs,** | **Judge Martha M. Pacold** |
| **v.** | |
| **FRANK HOEFFLIN, HOLCIM LTD., and HOLCIM (US) INC.,** | |
| **Defendants.** | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS HOLCIM LTD. AND HOLCIM (US) INC.

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

BACKGROUND ............................................................................................................ 1

ARGUMENT ................................................................................................................. 4

I.     The Doctrine of *Forum Non Conveniens* Warrants Dismissal of this Action. .................. 4

     A.     The Employment Agreement Requires That a Swiss Court Hear this Case. .......... 5

     B.     Switzerland is an Available and Adequate Alternative Forum. ............................. 6

          1.     Switzerland is an "Available" Alternative Forum. .................................... 6
          2.     Switzerland is an "Adequate" Alternative Forum. .................................... 7

     C.     Private and Public Interest Factors Call for a Swiss Court to Hear this
          Case. ...................................................................................................................... 8

          1.     Private Interest Factors Favor Litigating in Switzerland. ........................... 8
          2.     Public Interest Factors Also Favor Litigating in Switzerland. ................... 10

II.     The Court Lacks Personal Jurisdiction Over Holcim Ltd. ............................................... 12

     A.     Holcim Ltd. is Not Subject to General Personal Jurisdiction in Illinois. .............. 12

     B.     The Court Lacks Specific Personal Jurisdiction Over Holcim Ltd. ...................... 13

          1.     Plaintiffs Do Not Allege Injury From Holcim Ltd.'s Activities in
               Illinois. ..................................................................................................... 14
          2.     Holcim Ltd. Has Not Purposefully Directed Any Activity at
               Illinois, and Exercising Personal Jurisdiction over Holcim Ltd.
               Would be Unfair. ....................................................................................... 15

III.     Sika Corporation's Claim Should Be Dismissed for Lack of Standing. ............................ 16

IV.     Plaintiffs Fail to State a Claim of Tortious Interference. ................................................. 17

     A.     The Non-Compete and Confidentiality Clauses are Unenforceable. ..................... 18

          1.     Sika Technology AG Failed to Perform Its Contractual
               Obligations. ............................................................................................... 18
          2.     The Non-Compete and Confidentiality Clauses Are Unenforceable. ........ 19

     B.     Plaintiffs Fail to Plausibly Allege Breach of the Non-Compete Clause. .............. 20

CONCLUSION ............................................................................................................. 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*,
    751 F.3d 796 (7th Cir. 2014) ...........................................................................14, 15

*Alpine Atl. Asset Mgmt. AG v. Comstock*,
    552 F. Supp. 2d 1268 (D. Kan. 2008).....................................................................7

*Am. Gen. Fin. Servs. of Ill., Inc. v. Riverside Mortg. Co.*,
    2005 WL 1211583 (N.D. Ill. May 19, 2005) .........................................................17

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................17

*Bennett v. Overseas Mil. Sales Grp.*,
    2011 WL 5514029 (D. Or. Nov. 9, 2011)..............................................................11

*BMN Ent., LLC v. Je'Caryous Johnson Ent. LLC*,
    2022 WL 4094164 (N.D. Ill. Sept. 7, 2022) .......................................12, 14, 15, 16

*Buck v. Glob. Fid. Bank Ltd.*,
    341 So. 3d 430 (Fla. Dist. Ct. App. 2022) ..............................................................5

*Calder v. Jones*,
    465 U.S. 783 (1984)...............................................................................................14

*Chang v. Baxter Healthcare Corp.*,
    599 F.3d 728 (7th Cir. 2010) ..................................................................................7

*Chobat v. Dale Earnhardt, Inc.*,
    2013 WL 5274250 (S.D. Ind. Sept. 18, 2013) ........................................................5

*Clark v. Trammell*,
    2021 WL 979157 (N.D. Ill. Mar. 16, 2021)..........................................................16

*Clerides v. Boeing Co.*,
    534 F.3d 623 (7th Cir. 2008) ..............................................................................9, 12

*Curry v. Revolution Lab'ys, LLC*,
    949 F.3d 385 (7th Cir. 2020) .............................................................................14, 16

*Daimler AG v. Bauman*,
134 S. Ct. 746 (2014) ..................................................................................................12

*Eurochem Trading USA Corp. v. Ganske*,
2019 WL 5261980 (W.D. Wis. Oct. 17, 2019) ...........................................................9

*Fischer v. Magyar Allamvasutak Zrt.*,
777 F.3d 847 (7th Cir. 2015) ....................................................................4, 7, 8, 10

*Great Am. Ins. Co. v. Marubeni Citizen-Cincom, Inc.*,
2020 WL 3058081 (N.D. Ill. June 9, 2020) ..............................................................13

*HCC Cas. Ins. Servs., Inc. v. Day*,
2021 WL 1165096 (N.D. Ill. Mar. 26, 2021) .............................................................20

*Heritage Vintage Invs., LLC v. KMO Dev. Grp., Inc.*,
2015 WL 12838162 (N.D. Ill. Dec. 11, 2015) ..........................................................13

*IAC/InterActiveCorp v. Roston*,
2021 WL 2986300 (N.D. Ill. July 15, 2021)...............................................................8

*Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*,
29 F.4th 351 (7th Cir. 2022) ............................................................................. *passim*

*Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*,
518 F. Supp. 3d 1258 (N.D. Ind. 2021) ...................................................................11

*Kamel v. Hill-Rom Co.*,
108 F.3d 799 (7th Cir. 1997) ....................................................................4, 6, 7

*Kaplan v. Shure Bros., Inc.*,
266 F.3d 598 (7th Cir. 2001) ...................................................................................16

*LaSala v. UBS, AG*,
510 F. Supp. 2d 213 (S.D.N.Y. 2007)........................................................................7

*Leibovitch v. Islamic Republic of Iran*,
188 F. Supp. 3d 734 (N.D. Ill. 2016) .......................................................................12

*Lincoln Park Sav. Bank v. Binetti*,
2011 WL 249461 (N.D. Ill. Jan. 26, 2011) ..............................................................20

*Linda Constr. Inc. v. City of Chicago*,
2016 WL 4429893 (N.D. Ill. Aug. 22, 2016) ...........................................................17

*Matlin v. Spin Master Corp.*,
921 F.3d 701 (7th Cir. 2019) ...................................................................................14

*Mitek Corp. v. Diedrich*,
2018 WL 5078385 (N.D. Ill. Oct. 18, 2018)............................................................15

*Montel Aetnastak, Inc. v. Miessen*,
998 F. Supp. 2d 694 (N.D. Ill. 2014) ..............................................................18, 19

*Mueller v. Apple Leisure Corp.*,
880 F.3d 890 (7th Cir. 2018) .............................................................................8

*Mutnick v. Clearview AI, Inc.*,
2020 WL 4676667 (N.D. Ill. Aug. 12, 2020) ......................................................10

*Nocula v. UGS Corp.*,
520 F.3d 719 (7th Cir. 2008) ............................................................................16

*Opus Fund Servs. (USA) LLC v. Theorem Fund Servs., LLC*,
2017 WL 4340123 (N.D. Ill. Sept. 29, 2017) .....................................................20

*Piper Aircraft Co. v. Reyno*,
454 U.S. 235 (1981).........................................................................................6

*Raskin, S.A. v. Datasonic Corp.*,
1987 WL 8180 (N.D. Ill. Mar. 16, 1987)............................................................11

*Reddy v. Carpal Holdings Ltd.*,
2010 WL 1379844 (S.D.N.Y. Mar. 31, 2010) ......................................................5

*Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*,
863 F. Supp. 2d 732 (N.D. Ill. 2012) ................................................................20

*Santora v. Starwood Hotel & Resorts Worldwide, Inc.*,
580 F. Supp. 2d 694 (N.D. Ill. 2008) ................................................................16

*Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*,
549 U.S. 422 (2007).........................................................................................4

*Siswanto v. Airbus*,
153 F. Supp. 3d 1024 (N.D. Ill. 2015) ...............................................................13

*Stroitelstvo Bulg. Ltd. v. Bulgarian-Am. Enter. Fund*,
589 F.3d 417 (7th Cir. 2009) .................................................................4, 7, 8, 10

*Tamburo v. Dworkin*,
601 F.3d 693 (7th Cir. 2010) ............................................................................14

*Tekway Inc. v. AT&T Servs., Inc.*,
2021 WL 916080 (N.D. Ill. Mar. 10, 2021)........................................................19

*Thomas v. Nat'l Can. Fin. Corp.*,
　1995 WL 54479 (N.D. Ill. Feb. 7, 1995) ...................................................................5

*Tower Commc'ns Expert, LLC v. TSC Constr., LLC*,
　2018 WL 5624268 (N.D. Ill. Oct. 30, 2018)..................................................14, 15

*Triumph Packaging Grp. v. Ward*,
　834 F. Supp. 2d 796 (N.D. Ill. 2011) .......................................................................19

*Tyler Rsch. Corp. v. Envacon, Inc.*,
　2020 WL 3577762 (N.D. Ind. July 1, 2020) ...........................................................10

*U.S.O. Corp. v. Mizuho Holding Co.*,
　547 F.3d 749 (7th Cir. 2008) .........................................................................4, 8, 10, 12

*Webb v. Frawley*,
　906 F.3d 569 (7th Cir. 2018) ...................................................................................17

*World–Wide Volkswagen Corp. v. Woodson*,
　444 U.S. 286 (1980)...................................................................................................16

*Yavuz v. 61 MM, Ltd.*,
　465 F.3d 418 (10th Cir. 2006) ...............................................................................6, 7

*Yavuz v. 61 MM, Ltd.*,
　576 F.3d 1166 (10th Cir. Aug. 13, 2009) ............................................................7, 11

*Zarrelli v. Ross Univ. Sch. of Veterinary Med.*,
　2022 WL 4094176 (N.D. Ill. Sept. 7, 2022) .........................................................6, 7

*Zausa v. Pellin*,
　2017 WL 2311232 (N.D. Ill. May 26, 2017) .........................................................17

**Statutes**

28 U.S.C. § 1783................................................................................................................9

**Other Authorities**

Art. 34 Swiss Code of Civil Procedure ...........................................................................2

Fed. R. Civ. P. 12(b)(1)...................................................................................................16

Fed. R. Civ. P. 12(b)(6)...................................................................................................17

Fed. R. Civ. P. 38 ............................................................................................................11

Fed. R. Civ. P. 45(b) .........................................................................................................9

## INTRODUCTION

Plaintiffs Sika Corporation and Sika Technology Ltd. (collectively, "Plaintiffs") allege that Defendant Frank Hoefflin violated his non-compete and confidentiality obligations under a Swiss employment agreement (hereinafter, the "Agreement") with Sika Technology AG, based in Switzerland. More than two months after Mr. Hoefflin resigned from Sika Technology AG and started working for Holcim (US) Inc. ("Holcim US"), Plaintiffs filed this action, alleging that Holcim US and its Swiss-based parent, Holcim Ltd., tortiously interfered with the Agreement when Holcim US hired Mr. Hoefflin. Plaintiffs filed their Complaint in this District even though the Agreement is entirely in German, contains a Swiss choice of law provision, requires disputes to be heard by a Swiss court, and was performed and allegedly breached by Mr. Hoefflin in Switzerland. The Agreement's plain language and Plaintiffs' Complaint make clear that this action belongs in Switzerland. Accordingly, the Court should dismiss this action under the doctrine of *forum non conveniens*. Switzerland is an available and adequate alternative forum for hearing this case, and private and public interest factors strongly favor litigating in Switzerland.

Alternatively, the Court should dismiss Plaintiffs' tortious interference claim against Holcim US and Holcim Ltd. because: (1) the Court lacks personal jurisdiction over Holcim Ltd. because it is headquartered in Switzerland, has its principal place of business in Switzerland, and has insufficient contacts with Illinois; (2) Sika Corporation lacks standing to sue under the Agreement because it is not a party to and has no rights under it; and (3) Plaintiffs fail to state a claim of tortious interference because the Agreement's non-compete and confidentiality clauses are unenforceable, and Plaintiffs fail to allege that Mr. Hoefflin breached the non-compete clause.

## BACKGROUND

Sika Corporation is a New Jersey corporation and Sika Technology Ltd. is a Swiss corporation. Dkt. 1 (the "Complaint" or "Compl.") ¶¶ 7–8. Mr. Hoefflin resided in Switzerland at

the time he entered into the Employment Agreement, during his employment at Sika Technology AG, and at the time that his alleged conduct giving rise to this lawsuit occurred. Dkt. 29-1, Declaration of Frank Hoefflin ("Hoefflin Decl.") ¶¶ 2, 4; Compl. ¶ 17; Compl. Exhibit ("Ex.") A (identifying Mr. Hoefflin's residence and place of work in Switzerland). Defendant Holcim Ltd. is headquartered and has its principal place of business in Zug, Switzerland, and Holcim US has its principal place of business in Chicago, Illinois. Compl. ¶¶ 10–11. Although they are separate entities, the Complaint refers to Sika Corporation and Sika Technology Ltd. collectively as "Sika" and refers to Holcim Ltd. and Holcim US collectively as "Holcim." *Id.* at 1.

Mr. Hoefflin was the Chief Technology Officer ("CTO") of Sika Technology AG from April 2017 until November 2021, when the CTO position was divided "into two separately defined roles." *Id.* ¶¶ 19, 31. Mr. Hoefflin retained responsibility for only "the EHS [environmental health and safety] and corporate operations aspects of the position" and another colleague assumed responsibility for "sustainability and innovation initiatives." *Id.* ¶ 31. As a result of the demotion, Mr. Hoefflin's title was changed to "Head of Operations, EHS & Quality." *Id.* ¶ 58.

Mr. Hoefflin's demotion was memorialized in a November 1, 2021 Agreement with Sika Technology AG.[1] *See id.* ¶ 45; Compl. Ex. A (the "Agreement"). The Agreement provides, *inter alia*, that Mr. Hoefflin's "place of work" was Zurich, Switzerland, Compl. Ex. A ¶ 1.1, and that "[t]he court at the defendant's domicile or registered office or at the place where the Employee habitually performs the work shall have jurisdiction to hear actions arising from this agreement," *id.* ¶ 9 (citing "Art. 34 Swiss Code of Civil Procedure"). In addition, the Agreement requires Mr. Hoefflin to "treat all business processes at the company and all knowledge gained whilst working

---

[1] Oddly, the signatory to the Agreement—Sika Technology AG—is not a named plaintiff in the Complaint. Sika Technology Ltd. is identified instead. Hereafter, Sika Technology AG is referred to as the contract signatory and Sika Technology Ltd. is identified as the Swiss plaintiff.

at the company and after the end of the contract of employment with the strictest confidentiality." Compl. ¶ 57; Compl. Ex. A ¶ 7 (the "Confidentiality Clause").

The Agreement also incorporates a Non-Compete Clause attached as an appendix thereto and executed on October 25, 2021. *See* Ex. A; Compl. Ex. B (the "Non-Compete Clause"). Under the Non-Compete Clause, Mr. Hoefflin "is obliged to refrain from any competition with the Employer or other companies belonging to the Sika Group . . . for two years after termination of the employment relationship" where such competition "pursues, in whole or in part, the same purpose as the Employer or another company belonging to the Sika Group." Compl. Ex. B ¶ 1. The Non-Compete Clause contains an important geographical limit—it only "covers the territory in which the employee has been directly or indirectly active in the last 12 months of the employment relationship, i.e. Switzerland, the member states of the EU and the EEA." *Id.* ¶ 2. The Non-Compete Clause also states that "[i]n return for the obligation not to compete with the [Sika Technology AG], [Mr. Hoefflin] receives compensation of six months' wages evenly distributed over the period of two years after termination of the employment relationship." *Id.* ¶ 1. The Complaint does not allege that Plaintiffs fulfilled this payment obligation. *See* Compl.

Mr. Hoefflin tendered his notice of resignation to Sika Technology AG on May 31, 2022 and left the company on November 30, 2022. *Id.* ¶ 65; Compl. Ex. D. Mr. Hoefflin began his employment as CTO of Holcim US in January 2023. Hoefflin Decl. ¶ 6. After allegedly learning of Mr. Hoefflin's new role by no later than February 2, 2023, Compl. ¶ 74, Plaintiffs filed this action. Although Plaintiffs contend that the Court has personal jurisdiction over Holcim Ltd. because it allegedly "transacts business in Illinois and has committed tortious acts within Illinois," *id.* ¶ 15, the Complaint is devoid of any other allegations specific to Holcim Ltd.

3

<u>**ARGUMENT**</u>

The Court should dismiss the Complaint under the doctrine of *forum non conveniens* because Switzerland is the proper forum for hearing this case. Alternatively, the Court should dismiss Plaintiffs' claim of tortious interference with contractual relations against Holcim Ltd. and Holcim US because (1) the Court lacks personal jurisdiction over Holcim Ltd., (2) Sika Corporation lacks standing, and (3) Plaintiffs fail to state a claim upon which relief can be granted.

**I.**      <u>**The Doctrine of *Forum Non Conveniens* Warrants Dismissal of this Action.**</u>

The doctrine of *forum non conveniens* "empowers a court to dismiss a suit when litigating in that court as opposed to an alternative forum unreasonably burdens the defendant." *Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357 (7th Cir. 2022). Dismissal is appropriate "when (1) 'an alternative forum has jurisdiction to hear [the] case' and (2) trial in the chosen forum would prove, disproportionate to the plaintiff's convenience, oppressive and vexatious to the defendant; or 'the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Id.* (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007)). "The latter half of this analysis requires the district court to balance the public and private interest factors of the alternative forum." *Id.* (citation omitted).

The Seventh Circuit regularly affirms dismissal under *forum non conveniens* for cases like this that involve foreign parties. *See, e.g.*, *id.* at 357; *Stroitelstvo Bulg. Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 419–20 (7th Cir. 2009); *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 751 (7th Cir. 2008); *Fischer*, 777 F.3d at 866; *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802–03 (7th Cir. 1997). This dispute should be heard, if at all, by a Swiss court.

**A.    The Employment Agreement Requires That a Swiss Court Hear this Case.**

The Agreement between Mr. Hoefflin and Sika Technology AG is central to each of Plaintiffs' claims and requires that "[t]he court at the defendant's domicile . . . or at the place where the Employee habitually performs the work ***shall have jurisdiction*** to hear actions arising from this agreement." Compl. Ex. A ¶ 9 (emphasis added). Mr. Hoefflin was a resident of and domiciled in Switzerland when he entered into the Agreement, and had been since he began working for Sika Technology AG in August 2011. Hoefflin Decl. ¶¶ 2, 4. Further, Mr. Hoefflin habitually performed his work under the Agreement in Switzerland. *Id.* ¶¶ 2, 5. Indeed, the Agreement itself specifies that Mr. Hoefflin's "place of work" was Zurich, Switzerland. Compl. Ex. A. ¶ 1.1.

The phrase "shall have jurisdiction" in a forum selection clause mandates that the selected forum hear disputes arising from the agreement. For example, in *Chobat v. Dale Earnhardt, Inc.*, the court granted the defendant's motion to transfer where the forum selection clause underlying the plaintiff's breach of contract and tortious interference claims provided that "North Carolina ***shall have jurisdiction*** over any controversies regarding the [agreement]." 2013 WL 5274250, at *3 (S.D. Ind. Sept. 18, 2013) (emphasis added); *see also Reddy v. Carpal Holdings Ltd.*, 2010 WL 1379844, at *5 (S.D.N.Y. Mar. 31, 2010) ("language in a forum selection clause that establishes that a court 'shall have jurisdiction' grants that court exclusive jurisdiction."); *Buck v. Glob. Fid. Bank Ltd.*, 341 So. 3d 430, 433–35 (Fla. Dist. Ct. App. 2022) (finding forum selection clause containing "shall have jurisdiction" language to be mandatory). Likewise, this District has determined that a plaintiff could not file suit "in a forum outside of [the selected forum]" where the agreement at issue stated that "all legal actions or proceedings between the Bank and [plaintiff] may be brought in any court of competent jurisdiction in the [selected forum] . . . ." *Thomas v. Nat'l Can. Fin. Corp.*, 1995 WL 54479, at *2 (N.D. Ill. Feb. 7, 1995).

Here, as in the foregoing cases, the Agreement specifies that Switzerland "shall have jurisdiction to hear actions arising from this agreement," thus requiring that a Swiss court hear Plaintiffs' claims. Moreover, the accompanying Declaration of Laura Widmer—a leading Swiss employment lawyer—explains that, under Swiss law, the phrase "shall have jurisdiction" generally requires parties to bring disputes arising under the agreement before the selected forum. Declaration of Laura Widmer ("Widmer Decl.") ¶¶ 19, 53–54. This further supports dismissal of this action. *See, e.g.*, *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 430 (10th Cir. 2006) ("[C]ourts should ordinarily honor an international commercial agreement's forum-selection provision as construed under the law specified in the agreement's choice-of-law provision") (emphasis omitted).

### B.   Switzerland is an Available and Adequate Alternative Forum.

Even putting aside the mandatory language in the Agreement, Switzerland is an available and adequate alternative forum for hearing this case.

#### 1.   *Switzerland is an "Available" Alternative Forum.*

"Availability is satisfied if the defendants are amenable to process in the alternative forum." *Zarrelli v. Ross Univ. Sch. of Veterinary Med.*, 2022 WL 4094176, at *2 (N.D. Ill. Sept. 7, 2022) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)); *see also Instituto Mexicano*, 29 F.4th at 358 ("[Indiana-based defendant] consented to service of process and personal jurisdiction in Mexico, which satisfies availability."); *Kamel*, 108 F.3d at 803 (finding Saudi Arabia was an available forum where defendant consented to Saudi Arabia's jurisdiction).

Mr. Hoefflin entered into and performed the Agreement as a resident of Switzerland, and he consented to the jurisdiction of courts in Switzerland for all actions arising thereunder. Compl. Ex A. ¶ 9; Hoefflin Decl. ¶¶ 4–5. Mr. Hoefflin has also confirmed his consent to service and jurisdiction in Switzerland for purposes of this case. Hoefflin Decl. ¶ 7. Likewise, Holcim Ltd. is headquartered and has its principal place of business in Zug, Switzerland, and is thus subject to

6

the jurisdiction of Swiss courts. Compl. ¶ 10. And, for purposes of this case, Holcim US consents to service in Switzerland and submits to the jurisdiction of Swiss courts. Thus, Switzerland is an available alternative forum because each Defendant is amenable to service in Switzerland and consents to the jurisdiction of the Swiss courts for purposes of this case.

2. *Switzerland is an "Adequate" Alternative Forum.*

"[T]he alternative forum is adequate if it provides a 'potential avenue for redress' of the plaintiff's suit, even if relief cannot be granted on every claim the plaintiff has made." *Zarrelli*, 2022 WL 4094176, at *2 (quoting *Stroitelstvo*, 589 F.3d at 421). "Even where 'the relief is not as comprehensive or as favorable as a plaintiff might obtain in an American court,' the alternative forum is still adequate." *Instituto Mexicano*, 29 F.4th at 358 (quoting *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 736 (7th Cir. 2010)). "Swiss courts have routinely been held adequate for contract and tort claims similar to those" Plaintiffs raise here. *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1177 (10th Cir. Aug. 13, 2009); *Alpine Atl. Asset Mgmt. AG v. Comstock*, 552 F. Supp. 2d 1268, 1274, 1277–78 (D. Kan. 2008) (finding Switzerland was an adequate alternative forum for breach of contract and tortious interference claims); *LaSala v. UBS, AG*, 510 F. Supp. 2d 213, 222–23 (S.D.N.Y. 2007) (similar).

Further, courts often consider affidavits from lawyers or law experts from the alternative forum in determining whether the alternative forum is "adequate." *See, e.g.*, *Kamel*, 108 F.3d at 803; *Fischer*, 777 F.3d at 867–68. Swiss courts offer Plaintiffs the same or similar avenues of relief for each of their claims. *See* Widmer Decl. ¶¶ 35–48. Although Swiss courts may not recognize a claim styled specifically as tortious interference with contract, "the lack of a particular remedy or cause of action in the alternative Swiss forum does not necessarily render that venue inadequate." *Yavuz*, 576 F.3d at 1176–77. Moreover, Plaintiffs could still assert a claim against Holcim Ltd.

7

and/or Holcim US for alleged unfair competition arising from their hiring of Plaintiffs' employees. Widmer Decl. ¶¶ 45–48. Switzerland is thus an adequate alternative forum for hearing this case.

### C. Private and Public Interest Factors Call for a Swiss Court to Hear this Case.

Courts also "evaluate both public and private interest factors in determining whether to dismiss for *forum non conveniens*." *IAC/InterActiveCorp v. Roston*, 2021 WL 2986300, at *2 (N.D. Ill. July 15, 2021), *aff'd*, 44 F.4th 635 (7th Cir. 2022). These factors strongly favor dismissal.

#### 1. *Private Interest Factors Favor Litigating in Switzerland.*

The private interest factors are: "'(1) relative ease of access to sources of proof; (2) availability of compulsory process and costs for attendance of witnesses; (3) possibility of viewing the premises, if appropriate; and (4) other practical issues.'" *Instituto Mexicano*, 29 F.4th at 359 (citation omitted). However, "[w]hen a forum-selection clause applies, courts only analyze the public interest factors and not the private interest factors" because "[b]y agreeing to a forum-selection clause, parties waive the right to challenge that forum as inconvenient." *IAC*, 2021 WL 2986300, at *2 (citing *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018)). Because the Agreement requires a Swiss court to hear this case, the Court need not consider these private interest factors. Regardless, each calls for this case to be in Switzerland.

*First*, Swiss courts will have greater access to sources of proof in this case because of the location of key witnesses and evidence and the burden of translating documents and testimony from German to English. The Seventh Circuit routinely holds that these factors favor dismissal. *See, e.g.*, *U.S.O. Corp.*, 547 F.3d at 751 (affirming dismissal where supplying foreign language interpreters for witnesses and translators for documents would impose unreasonable burdens on defendants and the district court); *Stroitelstvo*, 589 F.3d at 425 (same); *Fischer*, 777 F.3d at 870 (same). Plaintiffs' trade secret allegations concerning Mr. Hoefflin center on alleged misappropriation during his employment at Sika Technology AG in Switzerland, and so the

majority of relevant documents and witnesses are undoubtedly located there. *See* Compl. ¶¶ 58–68, 105–07, 139–40. Holcim Ltd. and Holcim US dispute that they have any evidence related to alleged misappropriation, but whatever evidence Plaintiffs may demand of them would likely already be in Switzerland (for Holcim Ltd.) or could be made available in Switzerland (for Holcim US), as appropriate. *See, e.g.*, *Clerides v. Boeing Co.*, 534 F.3d 623, 629 (7th Cir. 2008) (affirming dismissal where the ease of access to proof favored case being in Greece and Cyprus and American defendant agreed to make its evidence and witnesses available there).

*Second*, the availability of compulsory process and cost for attendance of Swiss witnesses weigh in favor of litigating in Switzerland. Plaintiffs' allegations that Mr. Hoefflin breached the Agreement with Sika Technology AG and misappropriated trade secrets during his employment in Switzerland make clear that the majority of relevant documents and witnesses for both parties are in Switzerland. Swiss courts could compel live testimony from such witnesses, Widmer Decl. ¶ 52, and Holcim US can agree to make available any U.S.-based witnesses. The same cannot be said should this case remain before this Court. For example, Rule 45(b) of the Federal Rules of Civil Procedure only allows for the service of a subpoena on a person located in the United States. Additionally, 28 U.S.C. § 1783 only allows for the service of a subpoena on a United States national or resident located abroad. The Court would thus lack the ability to compel testimony from witnesses who are Swiss citizens or residents, which this case would most likely require. *See, e.g.*, *Eurochem Trading USA Corp. v. Ganske*, 2019 WL 5261980, at *2 (W.D. Wis. Oct. 17, 2019) (holding that resident of Switzerland was "outside the territorial reach of th[e] court's authority"); *Clerides*, 534 F.3d at 629 (foreign witnesses not subject to compulsory process in the U.S.).

*Third*, because the examination of a physical location does not appear relevant to Plaintiffs' allegations, the third factor concerning "viewing the premises" does not favor either forum. Should

a physical location become relevant, because Mr. Hoefflin worked for Sika in Switzerland, the third private interest factor would favor a Swiss forum.

*Fourth*, the practical issues of travel and translation favor this case being in Switzerland. *See, e.g.*, *U.S.O. Corp.*, 547 F.3d at 751; *Stroitelstvo*, 589 F.3d at 425; *Fischer*, 777 F.3d at 870. The translation of evidence and testimony from German to English would substantially burden the parties and Court, and unnecessarily complicate and prolong discovery and trial.

2.    *Public Interest Factors Also Favor Litigating in Switzerland.*

The public interest factors are: "(1) the administrative difficulties stemming from court congestion; (2) the local interest in having localized disputes decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty." *Instituto Mexicano*, 29 F.4th at 360 (citation omitted). Each favors litigating in Switzerland.

<u>Factor 1</u>:  Congested dockets are a concern in this District, where—as of August 2020— the time from filing to trial is 39 months and the time from filing to disposition of the case is 15 months. *Mutnick v. Clearview AI, Inc.*, 2020 WL 4676667, at *4 (N.D. Ill. Aug. 12, 2020).

<u>Factor 2</u>:  Switzerland has greater interest in the litigation than does Illinois because the Agreement at the heart of this dispute was executed in Switzerland by a Swiss company (Sika Technology AG) and a former employee who resided and worked in Switzerland, and specifies that Switzerland shall have jurisdiction for any disputes arising from it. *See, e.g.*, *Stroitelstvo*, 589 F.3d 425 ("Northern District of Illinois has little interest in the Bulgarian loan contract at the heart of this dispute"); *Tyler Rsch. Corp. v. Envacon, Inc.*, 2020 WL 3577762, at *7 (N.D. Ind. July 1, 2020) (dismissing for *forum non conveniens* where "the contract between the parties was entered into and carried out in Canada, and the conduct giving rise to the dispute . . . occurred in

10

Canada"); *Yavuz*, 576 F.3d at 1181 ("Switzerland—as the situs of the relevant agreement between [plaintiff] and certain defendants . . . has a far greater interest in resolving this dispute."). Indeed, the Complaint is silent as to any alleged harm specific to Sika Corporation, the only U.S.-based plaintiff in the case. Switzerland thus has a greater local interest in deciding this dispute.

*Factors 3 and 4*:  The Agreement's forum selection clause references the Swiss Code of Civil Procedure (Ex. A ¶ 9), indicating that the contracting parties intended for Swiss law to govern any disputes. Therefore, the interest in resolving this dispute in a forum that is at home with the law that must govern the action favors Switzerland, particularly because it has a civil law system. *See Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 518 F. Supp. 3d 1258, 1269 (N.D. Ind. 2021), *aff'd*, 29 F.4th 351 (7th Cir. 2022) (ruling that the third public interest factor favors dismissal "especially . . . when the foreign law is a civil law system"); *Raskin, S.A. v. Datasonic Corp.*, 1987 WL 8180, at *3 (N.D. Ill. Mar. 16, 1987) ("[T]here is no reason to believe that the Swiss system of civil jurisprudence will be unable to provide an adequate forum for the adjudication of  . . . breach of contract claims."); *Bennett v. Overseas Mil. Sales Grp.*, 2011 WL 5514029, at *5 n.3 (D. Or. Nov. 9, 2011) ("Switzerland . . . use[s] a civil law system."). The need to avoid unnecessary problems in conflicts of law or the application of foreign law further favors dismissal, as could arise with the application of the Swiss Code of Civil Procedure in a U.S. forum.

*Factor 5:* Finally, an Illinois jury should not be burdened with a dispute to which it has little to no local connection. Plaintiffs demand "a trial by jury on all claims so triable" under Rule 38 of the Federal Rules of Civil Procedure. Compl. at 54. The Agreement and dispute at the core of this case is between a Swiss company and its former Swiss-based employee arising from alleged conduct occurring in Switzerland. Other than the fact that Holcim US employs Mr. Hoefflin in Illinois, this case has no connection to Illinois. This factor thus favors litigating the case in

11

Switzerland. *See Clerides*, 534 F.3d at 630 (finding citizens of this District have no local connection to the dispute at issue); *U.S.O. Corp.*, 547 F.3d at 755 (finding that "to burden Americans with jury duty to resolve an intramural Japanese dispute would be gratuitous").

## II.     The Court Lacks Personal Jurisdiction Over Holcim Ltd.

If the Court decides that it must hear this case, then it should dismiss Plaintiffs' claim of tortious interference with contractual relations against Holcim Ltd. for lack of personal jurisdiction because Holcim Ltd. has insufficient contacts with Illinois. "Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts." *BMN Ent., LLC v. Je'Caryous Johnson Ent. LLC*, 2022 WL 4094164, at *2 (N.D. Ill. Sept. 7, 2022) (citation omitted). Plaintiffs allege that the "Court has personal jurisdiction over Holcim Ltd. pursuant to 735 ILCS 5/2-209 because Holcim Ltd. transacts business in Illinois and has committed tortious acts within Illinois," without identifying whether it believes the Court has general or specific personal jurisdiction over Holcim Ltd. Compl. ¶ 15. In any event, the Court lacks both.

### A.     Holcim Ltd. is Not Subject to General Personal Jurisdiction in Illinois.

"'A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them' only when the corporation is 'essentially at home in the forum State.'" *Leibovich v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 746 (N.D. Ill. 2016), *aff'd*, 852 F.3d 687 (7th Cir. 2017) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014)). "[I]n all but the most 'exceptional' cases general jurisdiction over a corporation is limited to its place of incorporation and/or principal place of business." *Leibovich*, 188 F. Supp. 3d at 734 (quoting *Daimler*, 134 S. Ct. at 761 n.19).

Here, Holcim Ltd. is a multi-national company that is headquartered and has its principal place of business in Zug, Switzerland. Compl. ¶ 10; Declaration of Jamie M. Gentoso ("Holcim Decl.") ¶ 6. Holcim Ltd. does not have any offices in Illinois, is not registered to and does not do

business in Illinois, and does not have a registered agent in Illinois. *Id.* ¶¶ 7–8. In addition, Holcim Ltd. does not own any interest in real property or personal property located in Illinois, and does not have a bank account or other assets in Illinois. *Id.* ¶¶ 10–11. Prior to this action, Holcim Ltd. had never brought a lawsuit or been sued in the state or federal courts of Illinois. *Id.* ¶ 12. Accordingly, Holcim Ltd. does not maintain any substantial contacts with Illinois. *Id.* ¶ 13.

Plaintiffs baldly assert that Holcim Ltd. "transacts business in Illinois and has committed tortious acts within Illinois." Compl. ¶ 15. Such an allegation, which Plaintiffs do not attempt to explain, fails to make this case "exceptional" such that Holcim Ltd. can be considered "essentially at home" in Illinois despite not being incorporated or having its principal place of business there. *See, e.g.*, *Siswanto v. Airbus*, 153 F. Supp. 3d 1024, 1028 (N.D. Ill. 2015) ("Beyond [place of incorporation and principal place of business], the 'best example' of the 'essentially at home' test is when a company informally relocates its headquarters to the United States from abroad.") (citation omitted); *Heritage Vintage Invs., LLC v. KMO Dev. Grp., Inc.*, 2015 WL 12838162, at *3 (N.D. Ill. Dec. 11, 2015) (no general personal jurisdiction over defendant who "regularly conducted business in Illinois"). Indeed, the Complaint is completely "devoid of information regarding the volume or significance of the [alleged] business conducted by" Holcim Ltd. in Illinois to supposedly render it "essentially at home" there. *Great Am. Ins. Co. v. Marubeni Citizen-Cincom, Inc.*, 2020 WL 3058081, at *2 (N.D. Ill. June 9, 2020) (finding no general personal jurisdiction in the absence of such allegations).

## B.  The Court Lacks Specific Personal Jurisdiction Over Holcim Ltd.

Specific personal jurisdiction requires that: (1) "the defendant's contacts with the forum state must show that it . . . purposefully directed its activities at the state," (2) "the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities," and (3) "any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial

justice." *BMN*, 2022 WL 4094164, at *2–3 (quoting *Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 398 (7th Cir. 2020)). Plaintiffs fail to satisfy any of these requirements.

            1.     *Plaintiffs Do Not Allege Injury From Holcim Ltd.'s Activities in Illinois.*

As this Court explained in *BMN*, "[w]hen analyzing specific personal jurisdiction, the 'second element is crucial,'" *id.* at *3 (quoting *Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019)), and requires that "the defendant's ***suit-related*** conduct must create a substantial connection with the forum State," *id.* (emphasis in original) (quoting *Advanced Tactical Ordnance Sys. v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014)). As with the Court's analysis in *BMN*, Plaintiffs' failure to satisfy the second element required for specific personal jurisdiction is addressed first. In particular, "[w]hen analyzing personal jurisdiction over parties who have allegedly committed a tort, courts will look to whether plaintiff has shown '(1) intentional conduct (or intentional and allegedly tortious conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tower Commc'ns Expert, LLC v. TSC Constr., LLC*, 2018 WL 5624268, at *6 (N.D. Ill. Oct. 30, 2018) (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010)).

Plaintiffs' Complaint contains ***no*** allegation directed specifically at Holcim Ltd. pertaining to their claim of tortious interference with contractual relations. Instead, they refer to Holcim Ltd. and Holcim US collectively as "Holcim" without distinguishing the alleged conduct of the two entities. For example, Plaintiffs allege that "Sika has suffered and will continue to suffer damages and irreparable harm as a direct result of ***Holcim's*** tortious interference with contractual relations." Compl. ¶ 213 (Count V) (emphasis added). Because "[e]ach defendant's contacts with the forum State must be assessed individually," Plaintiffs' allegations cannot confer specific personal jurisdiction on Holcim Ltd. *See Calder v. Jones*, 465 U.S. 783, 790 (1984).

Even assuming Plaintiffs' allegations applied specifically to Holcim Ltd., they fail to show that Plaintiffs' supposed injury arose from Holcim Ltd.'s contacts in Illinois, much less that Holcim Ltd. has *any* suit-related contacts in Illinois. If anything, Plaintiffs' allegations connect Holcim Ltd. *to Switzerland* because they concern purported interference with the Agreement between Sika Technology AG (a Swiss company) and Mr. Hoefflin (who lived in Switzerland) during the course of his employment in Switzerland. Further, neither Plaintiff has any connection to Illinois, as Sika Corporation is a New Jersey corporation and Sika Technology Ltd. is a Swiss corporation. Compl. ¶¶ 7–8. Thus, Plaintiffs cannot credibly contend that Holcim Ltd.'s alleged tortious interference with the Agreement has had any effect on them in Illinois. Plaintiffs simply fail to "explain how [their tortious interference claim is] premised upon or related to [Holcim Ltd.'s] conduct tied to [Illinois]." *BMN*, 2022 WL 4094164, at *4.

Plaintiffs' sole allegation connecting Holcim Ltd. to Illinois is that Holcim Ltd. supposedly "transacts business in Illinois and has committed tortious acts within Illinois." Compl. ¶ 15. Such a general, conclusory allegation untethered to Plaintiffs' tortious interference claim does not confer specific personal jurisdiction on Holcim Ltd. for this case because it does not "center on the relations among the defendant, the forum, *and the litigation*." *BMN*, 2022 WL 4094164, at *3 (emphasis added) (quoting *Advanced Tactical*, 751 F.3d at 801); *see also, e.g.*, *Tower*, 2018 WL 5624268, at *10 (finding no specific personal jurisdiction over out-of-state corporate defendant due to insufficient suit-related contacts in Illinois); *Mitek Corp. v. Diedrich*, 2018 WL 5078385, at *6 (N.D. Ill. Oct. 18, 2018) (same).

> 2. *Holcim Ltd. Has Not Purposefully Directed Any Activity at Illinois, and Exercising Personal Jurisdiction over Holcim Ltd. Would be Unfair.*

Even if Plaintiffs alleged an injury arising from Holcim Ltd.'s suit-related contacts with Illinois—and they have not—Plaintiffs also "must show that [Holcim Ltd.'s] suit-related activity

. . . was 'purposefully directed at Illinois.'" *BMN*, 2022 WL 4094164, at *5 (quoting *Curry*, 949 F.3d at 398). Plaintiffs have failed to do so, as they merely allege that "Holcim" had knowledge of the Agreement between Mr. Hoefflin and Sika Technology AG and that "Holcim" knew that its employment of Mr. Hoefflin would cause him to breach the Agreement. Compl. ¶ 209.

Further, "[a]mong the factors to be considered in" determining if exercising personal jurisdiction comports with "traditional notions of fair play and substantial justice," "the burden on the defendant forced to litigate in a foreign forum is . . . the primary concern." *Santora v. Starwood Hotel & Resorts Worldwide, Inc.*, 580 F. Supp. 2d 694, 701 (N.D. Ill. 2008) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). Here, it would be overly burdensome on Holcim Ltd. to litigate this case in Illinois, as it is headquartered and has its principal place of business in a foreign country, with no meaningful contacts in Illinois related to this case. Accordingly, the Court should dismiss Plaintiffs' claim of tortious interference against Holcim Ltd. for lack of personal jurisdiction.

## III.    <u>Sika Corporation's Claim Should Be Dismissed for Lack of Standing.</u>

Dismissal is also warranted because Sika Corporation is not a party to the Agreement and therefore lacks standing to sue Holcim Ltd. and Holcim US for allegedly tortiously interfering with the Agreement. "[A] dismissal for lack of standing falls under Rule 12(b)(1)" of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. *Clark v. Trammell*, 2021 WL 979157, at *6 n.4 (N.D. Ill. Mar. 16, 2021). The Seventh Circuit routinely holds that non-parties to an agreement lack standing to assert claims for breach of contract or tortious interference. "Under Illinois law, a cause of action based on a contract may be brought ***only by a party to that contract***, by someone in privity with such a party, or by an intended third-party beneficiary of the contract." *Kaplan v. Shure Bros., Inc.*, 266 F.3d 598, 602 (7th Cir. 2001) (emphasis added); *see also Nocula v. UGS Corp.*, 520 F.3d 719, 726 (7th Cir. 2008) (affirming dismissal of plaintiff's claim for breach

of contract and tortious interference for lack of standing because the plaintiff was not a party to the contract); *Linda Constr. Inc. v. City of Chicago*, 2016 WL 4429893, at *1 (N.D. Ill. Aug. 22, 2016) (same); *Zausa v. Pellin*, 2017 WL 2311232, at *3 (N.D. Ill. May 26, 2017) (same).

The Agreement and Non-Compete Clause make no mention whatsoever of Sika Corporation, much less confer contractual rights to it. Plaintiffs do not allege that Sika Corporation is in privity with Sika Technology AG or is an intended third-party beneficiary of the Agreement. Sika Corporation simply does not have standing to sue Holcim US and Holcim Ltd. for tortious interference with the Agreement. *See, e.g., Am. Gen. Fin. Servs. of Ill., Inc. v. Riverside Mortg. Co.*, 2005 WL 1211583, at *3 (N.D. Ill. May 19, 2005) (dismissing claim where "[plaintiff] has failed to show that it has any rights under the [contract] because it is not a party to the contract, it is not in privity with the parties, nor is it a third-party beneficiary").

## IV.     Plaintiffs Fail to State a Claim of Tortious Interference.

The Court should also dismiss Plaintiffs' tortious interference claim for failure to state a claim. First, the Non-Compete Clause and the Confidentiality Clause of the Agreement are unenforceable. *See generally* Dkt. 29, Memorandum ISO Defendant Frank Hoefflin's Motion to Dismiss ("Hoefflin MTD") at 8–15. Second, Plaintiffs failed to plausibly allege that Mr. Hoefflin breached the Non-Compete Clause. Under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To state a claim for tortious interference with contract, a plaintiff must allege facts sufficient to establish: (1) a valid contract, (2) defendant's knowledge of the contract, (3) defendant's intentional and unjustified inducement of a breach of the contract, (4) a subsequent breach of contract caused by defendant's wrongful conduct, and (5) damages." *Webb v. Frawley*, 906 F.3d 569, 577 (7th Cir. 2018).

17

### A.    The Non-Compete and Confidentiality Clauses are Unenforceable.[2]

The Non-Compete and Confidentiality Clauses are unenforceable because: (1) Sika Technology AG failed to perform its obligations under the Non-Compete Clause, and (2) the Non-Compete and Confidentiality Clauses contain unreasonably broad restrictions that render them unenforceable. *See Montel Aetnastak, Inc. v. Miessen*, 998 F. Supp. 2d 694, 719 (N.D. Ill. 2014) (dismissing tortious interference claim where contract was unenforceable).

### 1.    *Sika Technology AG Failed to Perform Its Contractual Obligations.*

The Non-Compete Clause specifies that "[i]n return for the obligation not to compete with the Employer"—Sika Technology AG—"the Employee receives compensation of six months' wages . . . over the period of two years after termination of the employment." Compl. Ex. B ¶ 1. Sika Technology AG's letter terminating Mr. Hoefflin's employment confirms that the Non-Compete Clause required Mr. Hoefflin be paid "compensation of 6 months wages" "evenly distributed over a period of two years" "remunerated in . . . March, July, November 2023 as well as March, July 2024 and . . . November 2024." Compl. Ex. D at 2. Notably, Plaintiffs do not allege that Mr. Hoefflin was paid as required for the non-compete restrictions to apply. In fact, the Confirmation of Termination letter makes clear that "[p]ayment will not be made until" Mr. Hoefflin submits "current employer confirmation." *Id.* at 2. However, the Non-Compete Clause does not require Mr. Hoefflin to provide such confirmation—and Plaintiffs allege that Mr. "Hoefflin has not provided such confirmation to Sika." Compl. ¶ 72.

Because Sika Technology AG failed to perform its obligations under the Non-Compete Clause, the non-compete restrictions are unsupported by consideration and thus unenforceable.

---

[2] As addressed above, Defendants believe that this action should be dismissed and instead heard by a Swiss court that would apply Swiss law. For the purposes of this Motion, Defendants apply U.S. law to the Agreement without prejudice to their position that disputes arising under the Agreement should be governed by Swiss law.

Neither Holcim entity can tortiously interfere with an unenforceable contract. *See, e.g.*, *Tekway Inc. v. AT&T Servs., Inc.*, 2021 WL 916080, at *4 (N.D. Ill. Mar. 10, 2021) (dismissing tortious interference claim where non-compete provisions at issue were unenforceable for lack of consideration); *see also* Hoefflin MTD at 12–13.

2. *The Non-Compete and Confidentiality Clauses Are Unenforceable.*

The Non-Compete Clause is facially unenforceable because it is broader than necessary to protect Sika Technology AG's business interests and is unreasonably burdensome to Mr. Hoefflin. The Non-Compete Clause prohibits Mr. Hoefflin from working for ***any*** competitor that competes in ***any*** way with Sika Technology AG or ***any*** company within Sika group, regardless of whether Mr. Hoefflin would actually be engaging in competitive activities. This overbroad restriction makes the Non-Compete Clause unenforceable. *See, e.g.*, *Montel*, 998 F. Supp. 2d at 717–18 (non-compete clauses unenforceable if they are "an across the board limitation on an employee's right to ply his trade") (citation omitted); *see also* Hoefflin MTD at 9–11.

Plaintiffs' incorrect assertion that the geographic scope of the Non-Compete Clause extends to the United States (Compl. ¶ 176)—even though it is expressly limited to Switzerland, the EU, and the EEA—further renders it overly broad, unreasonable, and thus unenforceable. *See, e.g.*, *Montel*, 998 F. Supp. 2d at 718 (finding non-compete clause with "almost limitless geographic scope" unenforceable). Additionally, the two-year restriction under the Non-Compete Clause also makes it unreasonable and unenforceable. *See* Hoefflin MTD at 11–12; *Triumph Packaging Grp. v. Ward*, 834 F. Supp. 2d 796, 815 (N.D. Ill. 2011) (holding that non-compete clause with two-year restriction was unenforceable).

Likewise, the Confidentiality Clause is facially unenforceable because it does not have ***any*** restrictions on either duration or geographic scope, and broadly covers all information that Mr. Hoefflin may have learned while working for Sika Technology AG, even if that information were

19

to become public through no fault of Mr. Hoefflin. *See* Compl. ¶ 57; Compl. Ex. A ¶ 7 ("Duty of Confidentiality") (requiring the "strictest confidentiality" with respect to "all business processes at the company and all knowledge gained whilst working at the company and after the end of the contract of employment."). Courts applying Illinois law routinely hold that such broad confidentiality restrictions are unenforceable. *See, e.g.*, *HCC Cas. Ins. Servs., Inc. v. Day*, 2021 WL 1165096, at \*6-7 (N.D. Ill. Mar. 26, 2021); *Opus Fund Servs. (USA) LLC v. Theorem Fund Servs., LLC*, 2017 WL 4340123, at \*7 (N.D. Ill. Sept. 29, 2017); *Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*, 863 F. Supp. 2d 732, 749 (N.D. Ill. 2012); *see also* Hoefflin MTD at 14–15.

### B.    Plaintiffs Fail to Plausibly Allege Breach of the Non-Compete Clause.

Finally, Plaintiffs fail to plausibly allege that Mr. Hoefflin breached the Non-Compete Clauses for two reasons. *See* Hoefflin MTD at 8–9. First, the Non-Compete Clause states that it covers "Switzerland, the member states of the EU and the EEA." Compl. Ex. B ¶ 2. However, Holcim US hired Mr. Hoefflin to be its CTO and ultimately to work in the United States, Hoefflin Decl. ¶ 6—outside the geographic scope of the Non-Compete Clause. Second, the Non-Compete Clause applies to Mr. Hoefflin's job duties as Head of Operations, EHS & Quality—*not* his former position as Chief Technology Officer. *See* Compl. Ex. B ¶ 2. The Complaint contains no allegations that Mr. Hoefflin performs the same job duties at Holcim US that he did during the last 12 months of his employment at Sika Technology AG. Because Plaintiffs fail to plausibly allege breach of the Non-Compete Clause, they also fail to state a claim of tortious interference. *See Lincoln Park Sav. Bank v. Binetti*, 2011 WL 249461, at \*5 (N.D. Ill. Jan. 26, 2011) (dismissing tortious interference claim where plaintiff failed to allege breach of contracts at issue).

### <u>CONCLUSION</u>

For the reasons set forth above, Defendants Holcim US and Holcim Ltd. respectfully request that the Court dismiss Plaintiffs' Complaint with prejudice.

Dated: June 20, 2023

Respectfully submitted,

*/s/Victoria Collado*
Victoria Collado
vcollado@burkelaw.com
Burke, Warren, MacKay & Serritella
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000

Kurt G. Calia (*pro hac vice*)
Michael R. Morey (*pro hac vice*)
kcalia@cov.com
mmorey@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real, 10th Floor
5 Palo Alto Square
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Teresa Lewi (*pro hac vice*)
tlewi@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Counsel for Defendants Holcim Ltd. and Holcim (US) Inc.*