UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIKA CORPORATION, a New Jersey Corporation; and SIKA TECHNOLOGY LTD., a Swiss Corporation,<br><br>    Plaintiffs,<br><br>                v.<br><br>FRANK HOEFFLIN; HOLCIM LTD., a Swiss Corporation; and HOLCIM (US) INC. an Illinois Corporation<br><br>    Defendants. | Case No. 1:23-cv-1464<br><br>Judge Martha M. Pacold |

## MEMORANDUM OPINION & ORDER

    Plaintiffs Sika Corporation and Sika Technology Ltd. (collectively "Sika") sued defendants Frank Hoefflin, Holcim Ltd., and Holcim (US) Inc., asserting several trade secret and contract claims. Defendants Frank Hoefflin, Holcim Ltd., and Holcim (US) Inc. move to dismiss Sika's claims under the doctrine of *forum non conveniens* or alternatively, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* [27], [30].[1] Defendant Holcim Ltd. alternatively moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). [30], [31]. Plaintiffs move for leave to conduct jurisdictional discovery. [43]. For the reasons below, defendants' motions to dismiss under the doctrine of *forum non conveniens*, [27], [30], are granted. The court does not reach whether the complaint fails to state a claim under Rule 12(b)(6) or whether the court has personal jurisdiction over Holcim Ltd. Plaintiffs' motion for leave to conduct jurisdictional discovery, [43], is denied as moot. The Clerk is directed to enter final judgment dismissing this case without prejudice under the doctrine of *forum non conveniens*.

### BACKGROUND

    The court draws the following facts from the complaint and the parties' declarations, drawing all reasonable inferences in plaintiffs' favor. *See Deb v. SIRVA, Inc.*, 832 F.3d 800, 808–09 (7th Cir. 2016); *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011).

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph number citations. Page numbers refer to the CM/ECF page number.

This case arises out of a suspected theft of trade secrets, breach of confidentiality agreement, and breach of non-compete by defendant Frank Hoefflin. Hoefflin was formerly an employee at Sika Technology Ltd. in Switzerland and currently works for Holcim (US) Inc. in Chicago, Illinois. [1] ¶¶ 1, 4, 8–9.

Plaintiffs Sika Technology Ltd. (a Swiss corporation) and Sika Corporation (a New Jersey corporation) are sister companies and part of the Sika Group. *Id.* ¶ 7–8. The Sika Group is a specialty chemicals enterprise[2] that operates all over the world and "maintains a leading position in the development and production of systems and products for bonding, sealing, damping, reinforcing, and protecting in the building sector and motor vehicle industry." *Id.* ¶ 7 n.1.

Defendant Frank Hoefflin began his employment with Sika Corporation in 2003. *Id.* ¶ 17. For the next few years, Hoefflin rose through the ranks of Sika Group, starting as Sika Corporation's Vice President of Research and Development in Madison Heights, Michigan, and later becoming Sika's Global Head of Acoustics and Reinforcement—a position that required Hoefflin and his family to move to Switzerland in 2011, where he remained for approximately eleven years and where a significant portion of the events took place. *Id.* ¶ 17; [28-1] ¶ 2.[3] After serving in several other roles in Switzerland, in April of 2017, Sika promoted Hoefflin to Chief Technology Officer. *Id.* ¶ 19. As CTO, Hoefflin was responsible for Sika's research and development and oversight of Sika's corporate operations and sustainability functions. *Id.* This role provided him access to confidential information and trade secrets. *Id.* ¶¶ 24, 32, 46.

In 2021, however, Sika split Hoefflin's position as CTO into two separately defined roles. *Id.* ¶ 31. Hoefflin continued to have access to confidential information and company trade secrets. *Id.* ¶ 31–32. Upon assumption of his new role, Hoefflin signed an employment agreement with Sika Technology Ltd.[4] (the "Agreement"). *Id.*

---

[2] The complaint refers to Sika Group as a "specialty chemicals *company*." [1] ¶ 7 n.1 (emphasis added). In plaintiffs' notification of affiliates, however, plaintiffs state that "Sika AG is the parent corporation of Sika Corporation and Sika Technology Ltd." [14]. The document otherwise does not refer to "Sika Group."

[3] Though the complaint refers collectively to Sika Corporation and Sika Technology Ltd. as "Sika," the allegations in the complaint principally concern defendant Hoefflin's work in Switzerland as "Sika *Technology's* former Chief Technology Officer and Global Head of Operations, EHS, and Quality." *Id.* ¶ 1 (emphasis added). Additionally, attached to his motion to dismiss, defendant Hoefflin submitted a declaration in which he states: "From August 2011 through November 30, 2022, I worked for Sika Technology AG in Zurich, Switzerland." [28-1] ¶ 2. As best the court can tell, while Hoefflin began his employment at Sika Corporation in 2003, from 2011 until 2022, he was employed by Sika Technology Ltd.

[4] While the complaint refers to "Sika Technology Ltd." as Hoefflin's former employer and signatory of the employment agreement, the contract itself, which is attached to the

2

¶ 45; [1-2]. The Agreement contained a Duty of Confidentiality, [1-2] §§ 7.1–7.2, and a Non-Compete Clause, [1-2]; [1-3] §§ 1–4. It also contained a clause titled "PLACE OF JURISDICTION" that states:

> The court at the defendant's domicile or registered office or at the place where the Employee habitually performs the work shall have jurisdiction to hear actions arising from this agreement (Art. 34 Swiss Code of Civil Procedure).

[1-2] § 9. Hoefflin continued to reside in Switzerland upon assuming this new role. [28-1] ¶¶ 2–5.

In November of 2021, Hoefflin began exhibiting a pattern of activity that made executives at Sika believe he was going to defect to one of Sika's competitors. [1] ¶¶ 58–74. Hoefflin emailed himself sensitive documents and transferred confidential information onto an external USB. *Id.* ¶¶ 64–66. In May of 2022, Hoefflin submitted a letter of resignation; six months later his employment at Sika ended. *Id.* ¶¶ 65, 69. In January of 2023, Hoefflin assumed a new role as CTO of Holcim Ltd. *Id.* ¶ 94.

Defendant Holcim Ltd. is a multinational company that is headquartered and has its principal place of business in Zug, Switzerland. [31] at 8; [1] ¶ 10. Defendant Holcim (US) Inc. is a wholly owned subsidiary of Holcim Ltd. and has its principal place of business in Chicago, Illinois. [1] ¶ 11. Holcim and Sika are competitors in the construction materials market; they compete to develop innovative products and sustainable construction solutions all over the world. *Id.* ¶¶ 1–2, 76–84.

Nearly two months after Hoefflin assumed his new role, in March of 2023, Sika filed this action, seeking injunctive relief and damages against Hoefflin under the Defend Trade Secrets Act and Illinois Trade Secrets Act (Counts I and II). *Id.* ¶¶ 103–30, 133–65. Sika also asserts claims for breach of non-compete and breach of confidentiality agreement against Hoefflin, *id.* ¶¶ 167–87, 190–204 (Counts III and IV), and a claim for tortious interference with contractual relations against Holcim Ltd. and Holcim (US) Inc. *Id.* ¶¶ 207–14. Defendants Hoefflin, Holcim Ltd., and Holcim (US) Inc. move to dismiss under the doctrine of *forum non conveniens* or, in the alternative, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [27], [30]. Defendant Holcim Ltd. also seeks to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. [30], [31]. Contemporaneous with their opposition to defendants' motions to dismiss, plaintiffs requested leave to conduct jurisdictional discovery regarding Holcim Ltd. [43].

---

complaint, refers only to "Sika Technology AG." *Compare* [1] *with* [1-2]. And Hoefflin's declaration states that he worked for "Sika Technology AG." [28-1] ¶ 2. "Sika Technology Ltd." and "Sika Technology AG" thus appear to refer to the same entity.

**DISCUSSION**

Defendants move to dismiss under the doctrine of *forum non conveniens*. [29] at 5–7; [31] at 4–11. "The doctrine of *forum non conveniens* . . . empowers a court to dismiss a suit when litigating in that court as opposed to an alternative forum unreasonably burdens the defendant." *Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357 (7th Cir. 2022) (citing *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429–30 (2007)).

If warranted, a *forum non conveniens* dismissal would resolve the entire controversy before the court. By contrast, the jurisdictional issues raised by defendants would address only certain parties. Thus, the court exercises its discretion to first decide the *forum non conveniens* question. *See Sinochem*, 549 U.S. at 425 (holding "that a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection").

A district court may dismiss on *forum non conveniens* grounds when "(1) 'an alternative forum has jurisdiction to hear [the] case' and (2) trial in the chosen forum would prove, disproportionate to the plaintiff's convenience, oppressive and vexatious to the defendant; or 'the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Instituto Mexicano*, 29 F.4th at 357 (alterations in original) (quoting *Sinochem*, 549 U.S. at 432). "The latter half of this analysis requires the district court to balance the public and private interest factors of the alternative forum." *Id.* (quoting *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 868 (7th Cir. 2015)). The doctrine of *forum non conveniens* is "an exceptional one that a court must use sparingly." *Id.* (quoting *Deb*, 832 F.3d at 805).

Defendants advance two arguments in support of their motion to dismiss: First, the Employment Agreement between Hoefflin and Sika Technology Ltd. requires a Swiss court to hear this case. [29] at 4–7; [31] at 5–6. Second, regardless of the Employment Agreement, Switzerland is an adequate alternative forum and the public and private interest factors counsel in favor of dismissal. [29] at 5–6; [31] at 6–10.

**I. The Employment Agreement's Jurisdiction Clause**

Defendants argue that Hoefflin's Employment Agreement requires a Swiss court to hear this case because it contains a forum selection clause. "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013). Section 9 of the Agreement states:

> The court at the defendant's domicile or registered office or at the place where the Employee habitually performs the work shall have

4

jurisdiction to hear actions arising from this agreement (Art. 34 Swiss Code of Civil Procedure).

[1-2] § 9. Plaintiffs do not challenge the validity of the provision. Instead, Sika argues that the clause is better interpreted as requiring an American court to hear this case because currently the "defendant's domicile" (i.e., Hoefflin's domicile) is in Chicago, Illinois. [42] at 4–5.

The parties have submitted expert declarations on how to interpret the clause under Swiss law.[5] However, neither declaration supports the conclusion that § 9 vests *exclusive* jurisdiction in either Swiss or American courts. Defendants' expert, Laura Widmer, states that § 9 of the Agreement mimics a provision of the Swiss Civil Procedure Code (CPC). [31-1] ¶ 19. Clauses with this "shall have jurisdiction" language are frequently included in employment contracts because under Swiss law employees cannot "waive the statutory jurisdictions pursuant to art. 34 CPC in advance by means of a jurisdiction agreement or by entering an appearance." [31-1] ¶ 54. As the "defendant's domicile" at the time of the agreement was Zurich, Switzerland, Widmer opines that the clause is best interpreted as giving a Swiss court jurisdiction over the case. *Id.* ¶ 21. But Widmer never concludes that this jurisdiction must be exclusive. Likewise, plaintiffs' expert, Dominique Michel Müller, disputes Widmer's conclusion that Hoefflin's "domicile," for purposes of § 9, is in Switzerland. [42-1] ¶¶ 17–19. But he does not say whether the clause—wherever it vests jurisdiction—vests jurisdiction exclusively with the court of the "defendant's domicile." Thus, neither expert provides a basis under Swiss law to foreclose the most natural reading of § 9: that it confers jurisdiction, but not exclusive jurisdiction.

Moreover, because only jurisdiction, not venue, is specified, the clause is permissive, not mandatory. *See Nulogy Corp. v. Menasha Packaging Co., LLC*, 76 F.4th 675, 680 (7th Cir. 2023) ("[W]here venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." (alteration in original)

---

[5] In their briefs, neither party addresses the choice of law issue with respect to § 9. Holcim cites cases from several jurisdictions and the declaration of Swiss law expert Laura Widmer to argue that the clause mandates dismissal of this case. [31] at 5–6; [31-1]. Sika offers interpretations of the clause under both U.S. law and Swiss law and argues that the clause mandates that this case remain before this court. [42] at 5–6; [42-1]. In any event, choice of law analysis is not required because the parties do not argue that the result would be any different under either U.S. or Swiss law. *See Barron v. Ford Motor Co. of Can. Ltd.*, 965 F.2d 195, 197 (7th Cir. 1992).

5

(quoting *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 757 (7th Cir. 1992))); *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006).[6]

In sum, § 9's "shall have jurisdiction" clause does not mean that the court vested with jurisdiction shall have *exclusive* jurisdiction. Section 9 does not state that actions arising under the Agreement *must* be brought before the court of the "defendant's domicile, registered office, or place where the employee habitually performs the work." [1-2] § 9. As a result, the clause is not dispositive. Nor does it require that the court discount the plaintiff's choice of forum or the private interest factors typically considered in the *forum non conveniens* analysis. *See Atl. Marine*, 571 U.S. at 63–64 (presence of a valid forum selection clause requires district courts to give no weight to the plaintiff's choice of forum and ignore "arguments about the parties' private interests").

## II. *Forum Non Conveniens* Analysis

Traditional *forum non conveniens* analysis proceeds in two steps: First, determine whether the alternative forum is available and adequate. *IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 645 (7th Cir. 2022). Second, determine whether adjudication in the alternative forum "best serves the convenience of the parties and the interests of justice" by balancing a series of private and public interest factors. *Id.* (citation omitted).

### A. Adequacy and Availability

Swiss courts are available in this case. A forum is "available" when the defendants are "amenable to process and are within the forum's jurisdiction." *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 803 (7th Cir. 1997). Here, Hoefflin has consented to service and jurisdiction in Switzerland. [28-1] ¶ 7. Holcim Ltd. is headquartered in Switzerland and has its principal place of business there. [1] ¶ 10; [31] at 6. Holcim (US) Inc. has consented to service in Switzerland and submits to the jurisdiction of Swiss courts. [31] at 7.

Swiss courts are adequate. "A forum is 'adequate' if 'the parties will not be deprived of all remedies or treated unfairly.'" *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 704 (7th Cir. 2005) (quoting *Kamel*, 108 F.3d at 803). For the forum to be inadequate, the remedy must be "so clearly inadequate or unsatisfactory that it is no

---

[6] *See also Heckler & Koch, Inc. v. German Sport Guns GmbH*, 71 F. Supp. 3d 866, 900 (S.D. Ind. 2014) ("[A] clause merely specifying that a certain court possesses jurisdiction, even if it uses the word 'shall,' is permissive unless it clearly expresses the exclusive nature of the grant." (citations omitted)); *Pioneer Life Ins. Co. of Ill. v. Anderson*, No. 88-cv-20249, 1988 WL 143726, at *1–2 (N.D. Ill. Dec. 21, 1988) (clause specifying "Winnebago County, Illinois shall be the place of jurisdiction" was permissive); *All-Tech Indus., Inc. v. Freitag Elec., GmbH*, No. 87-cv-10690, 1988 WL 84719, at *2 (N.D. Ill. Aug. 5, 1988) (clause that read "Place of jurisdiction is Bad Segeberg, F.R.G." was permissive).

remedy at all." *Instituto Mexicano*, 29 F.4th at 358 (quoting *Piper Aircraft Co.*, 454 U.S. at 254).

In this case, Swiss courts will provide the plaintiffs with an adequate and fair remedy. First, "Swiss courts have routinely been held adequate for contract and tort claims," *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1177 (10th Cir. 2009), including breach of contract and tortious interference claims. *See Alpine Atl. Asset Mgmt. AG v. Comstock*, 552 F. Supp. 2d 1268, 1271, 1277–80 (D. Kan. 2008). Second, Swiss law provides analogous avenues of relief for all of plaintiffs' claims, including trade secret misappropriation, tortious interference with contractual relations, and breach of contract. *See* [31-1] ¶¶ 35–48 (explaining analogs under Swiss law). Additionally, while the forum's relief need not be "as comprehensive or as favorable as a plaintiff might obtain in an American court," *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 736 (7th Cir. 2010), Switzerland also offers plaintiffs the remedies they seek, including damages and injunctive relief. [31-1] ¶¶ 37, 42; *see* [1] ¶¶ 132, 265, 188.

Thus, Switzerland is an available and adequate forum. *Roston*, 44 F.4th at 645.

### B. Private and Public Interest Factors

The latter half of the *forum non conveniens* analysis requires the court to assess the convenience of the alternative forum. In other words, the question is whether "trial in the chosen forum would prove, disproportionate to the plaintiff's convenience, oppressive and vexatious to the defendant" or "inappropriate because of considerations affecting the court's own administrative and legal problems." *Instituto Mexicano*, 29 F.4th at 357 (quoting *Sinochem*, 549 U.S. at 432). This requires the district court to "balance the public and private interest factors of the alternative forum." *Id.* (citation omitted).

Courts generally presume that the plaintiff's choice of forum is convenient. *Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). The parties dispute, however, whether that presumption applies to this case given that Sika Technology Ltd. is a foreign plaintiff. As this issue bears on how much weight to give to the private and public factors in this case, the court addresses it first.

#### 1. Presumption in Favor of Plaintiff's Choice of Forum

Plaintiffs argue that their choice of forum deserves deference. [42] at 19–20. "[C]ourts ordinarily accord a plaintiff's choice of forum strong deference." *Instituto Mexicano*, 29 F.4th at 357 (citing *Clerides*, 354 F.3d at 628). This presumption applies with less force, however, when the plaintiff is a foreign citizen or entity. *See id.* at 357; *Deb*, 832 F.3d at 806. This lessened presumption is "not a euphemism for nationalism or protectionism." *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008). Rather, it is a recognition that "if the plaintiff is suing far from home, it is less reasonable to assume that the forum is a convenient one" and "the risk that

7

the chosen forum really has little connection to the litigation is greater." *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d 951, 956 (7th Cir. 2007).

Thus, the question is whether the plaintiffs are foreign. Plaintiff Sika Corporation is a United States corporation with its principal place of business in Lyndhurst, New Jersey. [1] ¶ 7. Plaintiff Sika Technology Ltd. is a foreign entity headquartered in Switzerland. *Id.* ¶ 8.

Many courts have held that when U.S. and foreign plaintiffs jointly sue an American defendant, they are entitled to the presumption in favor of their choice of forum. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1228–29 (9th Cir. 2011); *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1344 (11th Cir. 2020); *Simon v. Republic of Hung.*, 911 F.3d 1172, 1182 (D.C. Cir. 2018), *vacated and remanded on other grounds*, 592 U.S. 207 (2021).

On the other hand, the mere fact that one of the plaintiffs is "at home" in the United States cannot be enough to warrant the presumption of convenience. Otherwise, parties could add U.S. plaintiffs as "jurisdictional makeweights . . . to manipulate the forum choice." *Simon*, 911 F.3d at 1182. The Supreme Court has held that the presumption applies with less force when the "real parties in interest" are foreign, even if the plaintiff is a United States citizen. *Piper Aircraft*, 454 U.S. at 257.

This caution reflects a concern about forum shopping in *forum non conveniens* cases. "[T]he greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States," the more appropriate it is to presume that the chosen forum is convenient. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001). But "the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons . . . the less deference the plaintiff's choice commands." *Id.*

Courts therefore do "not assign talismanic significance to the citizenship or residence of the parties in considering whether dismissal is appropriate on forum non conveniens grounds. . . . Rather, citizenship and residency are relevant only to the extent that they serve as a proxy for, or indication of, convenience." *Antonio Pereira Ass'n v. Lynch*, No. 23 CIV. 8160 (JPC), 2024 WL 4349056, at *6 (S.D.N.Y. Sept. 30, 2024) (internal quotation marks and citations omitted)); *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 73 (2d Cir. 2003).

Here, while Sika Corporation (a U.S. entity) is a real party in interest insofar as it is the sister company of Sika Technology Ltd., most of the alleged facts do not concern Sika Corporation. *Cf. Otto Candies*, 963 F.3d at 1344 (presumption of convenience applied to foreign plaintiffs suing alongside U.S. plaintiffs when, unlike this case, plaintiffs "all sue[d] a single American defendant for conduct that they allege occurred in the United States"). The complaint references Sika Corporation by

8

name only once in its general allegations—the complaint states that defendant Hoefflin started as a "VP of R&D for Sika Corporation and was based in Madison Heights, Michigan." [1] ¶ 17. The complaint otherwise uses the generic term "Sika" to refer collectively to both Sika Technology Ltd. and Sika Corporation. *Id.*

Though plaintiffs' complaint refers collectively to Sika Technology Ltd. and Sika Corporation as "Sika," most of the allegations relate to Sika Technology Ltd. In the complaint, Hoefflin is accused of breaching an "employment agreement with *Sika Technology Ltd.*" [1] ¶ 45 (emphasis added). Count V states that the "breach of [Hoefflin's] confidentiality obligations would constitute irreparable harm to Sika Technology." *Id.* ¶ 192. The complaint further characterizes Sika Technology Ltd., *not* Sika Corporation, as Hoefflin's "former employer." *Id.* ¶ 8. Most of the events in the complaint otherwise concern Hoefflin's role as "Sika Technology's former Chief Technology Officer and Global Head of Operations, EHS, and Quality." *Id.* ¶¶ 1, 7–8, 105, 58–74. Thus, the breach of contract and trade secret misappropriation claims at the heart of this case do not concern Sika Corporation.

To the extent the presumption in favor of the plaintiff's chosen forum applies, it applies with less force because the plaintiff to which most of the allegations relate, Sika Technology Ltd., is foreign. "In such circumstances, 'the presumption in favor of giving plaintiffs their choice of court is little more than a tie breaker' as we have little reason to suppose either party faces discrimination by being forced to litigate in its home court." *Instituto Mexicano*, 29 F.4th at 357–58 (quoting *Abad v. Bayer Corp.*, 563 F.3d 663, 667 (7th Cir. 2009)). With this presumption in mind, the court turns to the analysis of the private and public interest factors.

### 2. Private Interest Factors

Private factors include "(1) relative ease of access to sources of proof; (2) availability of compulsory process and costs for attendance of witnesses; (3) possibility of viewing the premises, if appropriate; and (4) other practical issues, including the ease of enforcement of any ultimate judgment." *Id.* at 359 (quoting *Deb*, 832 F.3d at 807).

Switzerland has easier access to sources of proof. Because most of the alleged events occurred in Switzerland, most relevant documents and witnesses will be located there. Plaintiffs argue that electronic documents and overnight shipping render this problem a thing of the past. [42] at 7–8. It is true that in "our age of advanced electronic communication, including high-quality videoconferencing, changes of venue motivated by concerns with travel inconvenience should be fewer than in the past." *In re Hudson*, 710 F.3d 716, 719 (7th Cir. 2013). Nonetheless, relative to the United States, a court in Switzerland has easier access to sources of proof because it is likely that most of the relevant evidence is located there. *See Stroitelstvo Bulg. Ltd. v. Bulg.-Am. Enter. Fund*, 589 F.3d 417, 425 (7th Cir. 2009) (access to proof factor favored dismissal when the relevant witnesses and documents

9

were in Bulgaria). And to the extent that witnesses may be required to speak to the circumstances surrounding Hoefflin's time at Sika Technology Ltd., those witnesses are probably in Switzerland. Thus, this factor favors dismissal.

It is also easier to compel the presence of witnesses in Switzerland. Defendants point out that Swiss courts could compel live testimony from most of the relevant witnesses in this case. [31] at 9; [31-1] ¶ 52. The same cannot be said of the Northern District of Illinois, whose power to subpoena does not extend to Switzerland. *See* Fed. R. Civ. P. 45(b)(2) ("A subpoena may be served at any place within the United States."); 28 U.S.C. § 1783(a) (subpoena power extends only to "a national or resident of the United States who is in a foreign country"); *Cole v. Bell*, No. 09-cv-4832, 2009 WL 4730966, at *2 (N.D. Ill. Dec. 7, 2009). Plaintiffs respond that compulsory process likely is not necessary because most of the potential witnesses are employees of Holcim Ltd. [42] at 8–9. If Holcim or Sika needs employees to testify, both parties can require their employees to travel to the United States to do so. *See, e.g., Philips Med. Sys. (Cleveland), Inc. v. Buan*, No. 19-cv-02648, 2021 WL 3187709, at *4 (N.D. Ill. July 28, 2021) (because employees were under defendants' control, there was no need "for compulsory process to secure their attendance at trial" (citation omitted)).

But this argument overlooks that the relevant consideration is not simply the availability of compulsory process, but the "costs for attendance of witnesses." *Instituto Mexicano*, 29 F.4th at 359. While both Holcim and Sika are technically capable of requiring foreign witnesses to attend trial in the United States, it would be inordinately costly for them to do so. *Cf. Herd v. Airbus SAS*, No. 217-cv-05001, 2017 WL 6504162, at *4 (C.D. Cal. Dec. 11, 2017) (finding that the cost of transporting witnesses favored dismissal because it would be inordinately costly "to bring rafts of Australian witnesses to California for trial" and "no California witnesses have been identified"). Thus, this factor favors dismissal.

As for the possibility of viewing the premises, defendants have argued that this factor also favors dismissal. [74] 92:13–93:7. The complaint alleges that Sika adequately protected its trade secrets. [1] ¶¶ 35, 43–44, 110. Evaluating this claim might require an inspection of the security at Sika Technology Ltd.'s office in Switzerland. *See Rockwell Graphic Sys., Inc. v. DEV Industries, Inc.*, 925 F.2d 174, 180 (7th Cir. 1991) (evaluating a trade secret plaintiff's "physical" security precautions). But it is uncertain whether such inspection would actually be required. Thus, to the extent this factor applies, it does not tilt the scales heavily either way.

Finally, other practical considerations, including the cost of translation and travel, also favor dismissal. Plaintiffs note that interpreters and translation services are readily available in this district. [42] at 10; *see Inventus Power, Inc. v. Shenzhen Ace Battery Co.*, No. 20-cv-3375, 2021 WL 1978342, at *6 (N.D. Ill. May 18, 2021). Nonetheless, most of the relevant documents produced in discovery, including emails and other documents, will be in German. Indeed, the contracts at issue in the current motions are in German (and have been translated to English). While translation

10

services are available, far more translation would be required if this case went forward in the United States than in Switzerland. Thus, practical considerations, including the cost of translation, favor dismissal.

### 3. Public Interest Factors

Public interest factors include "(1) 'administrative difficulties stemming from court congestion'; (2) the 'local interest in having localized disputes decided at home'; (3) the 'interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action'; (4) the 'avoidance of unnecessary problems in conflict of laws or in the application of foreign law'; and (5) the 'unfairness of burdening citizens in an unrelated forum with jury duty.'" *Instituto Mexicano*, 29 F.4th at 360 (quoting *Fischer*, 777 F.3d at 868).

The "administrative difficulties" factor concerns the "speed with which a case can come to trial and be resolved" in both the current and alternative forum. *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d at 958–59. Here, defendants' expert explains that the average duration of a civil dispute in Switzerland is between one and two years. [31-1] ¶ 51. By contrast, as of 2020, the time from filing to trial in this district was thirty-nine months and the time from filing to disposition was fifteen months. *Mutnick v. Clearview AI, Inc.*, No. 20-cv-0512, 2020 WL 4676667, at *4 (N.D. Ill. Aug. 12, 2020). This factor favors dismissal.

Switzerland has a greater interest in this case. Plaintiffs argue that there is a local interest because the case concerns violation of a non-compete by a Chicago resident working for a Chicago-headquartered company. [42] at 12–13. Additionally, plaintiffs point out that their theory of liability is inevitable disclosure, which would occur, if at all, in Illinois. *Id.* But that the defendant's alleged disclosure might occur in Illinois does not give Illinois a sufficient interest in the case. The injured plaintiffs are not Illinois companies, and the Employment Agreement at the "heart of this dispute" was entered into and primarily executed in Switzerland. *See Stroitelstvo*, 589 F.3d at 425 (*forum non conveniens* applicable in part because the "Northern District of Illinois has little interest in the Bulgarian loan contract at the heart of [the] dispute"); *Tyler Rsch. Corp. v. Envacon, Inc.*, No. 19-cv-10, 2020 WL 3577762, at *7 (N.D. Ind. July 1, 2020) (local interest favored dismissal when "the contract between the parties was entered into and carried out in Canada, and the conduct giving rise to the dispute . . . occurred in Canada"). Thus, this factor favors dismissal.

The potential conflict-of-law issues in this case also favor dismissal. *See Instituto Mexicano*, 29 F.4th at 361 ("[T]he 'need to apply foreign law point[s] towards dismissal.'" (quoting *Piper Aircraft Co.*, 454 U.S. at 260) (second alteration in original)). Plaintiffs argue that all their claims arise under federal law and Illinois common law. [42] at 13. But given the location of the execution of the Employment Agreement and its subject matter, there is a significant chance that applying Illinois choice of law rules will result in Swiss law governing the contractual claims. *See*

11

*Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 61 (2007) (explaining that Illinois follows the "most significant relationship" test in conflict of laws); Restatement (Second) Conflict of Laws § 188(2) (1971) (relevant factors include place of contracting, place of negotiation, place of performance, location of subject matter, and domicile, residence, nationality, place of incorporation and place of business of the parties).

The parties have already hired dueling experts to opine on the meaning of the Agreement's "place of jurisdiction" clause. It is likely that more expert testimony would be necessary to apply Swiss principles of contract law to other provisions of the Agreement as well. While plaintiffs do assert trade secret claims under Illinois and federal law, costly interpretation problems might arise if Swiss law applied to the interpretation of the Employment Agreement. Additionally, Switzerland is a civil law system, which also points towards dismissal. *See Fischer*, 777 F.3d at 871 ("The application of foreign law—particularly that of a civil law system—favors dismissal in favor of a [foreign] forum."). This factor favors dismissal.

As for jury duty, this factor largely folds into the local interest factor discussed above. *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 484 F.3d at 959 ("[T]he burdens of jury duty are closely linked with the local interest in the litigation."). Thus, because the Northern District of Illinois has little to no interest in this case, this factor favors dismissal.

***

So long as defendants consent (which they have), Switzerland provides an available and adequate alternative forum for this litigation. The private and public interest factors favor dismissal of this case on *forum non conveniens* grounds. Because the court dismisses this case based on *forum non conveniens*, the court does not reach defendants' arguments that plaintiffs have failed to state a claim under Rule 12(b)(6).

It is also unnecessary to address whether the court has personal jurisdiction over defendant Holcim Ltd. *See Sinochem*, 549 U.S. at 425. Plaintiffs' motion for leave to conduct jurisdictional discovery, [43], is therefore denied as moot.

## CONCLUSION

Defendants Frank Hoefflin, Holcim Ltd., and Holcim (US) Inc.'s motions to dismiss under the doctrine of *forum non conveniens*, [27], [30], are granted. Plaintiffs' motion for leave to conduct jurisdictional discovery, [43], is denied as moot. The Clerk is directed to enter final judgment dismissing this case without prejudice under the doctrine of *forum non conveniens*.

Date: March 17, 2025                                              /s/ Martha M. Pacold